**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-1157**

_____

MUHAMMAD DOZA; ROKEYA KHANAM; MOHAMMED
SHAMSUDDOHA; MOHAMMED SADRULULA; MOSAMMAT
JABUNNESA; MOHAMMED MOHIUDDIN,

Petitioners,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals. (A73-189-484; A73-189-483; A73-189-481; A73-189-482;
A73-189-480; A73-189-479)

_____

Submitted: March 31, 2004                Decided: May 19, 2004

_____

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Joseph J. Rose, LAW OFFICE OF JOSEPH J. ROSE, New York, New York,
for Petitioners. Peter D. Keisler, Assistant Attorney General,
Linda S. Wernery, Senior Litigation Counsel, William C. Peachey,
OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Muhammad Doza,[1] a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals affirming without opinion the Immigration Judge's (IJ) denial of asylum and withholding of removal. Doza disputes the IJ's negative credibility finding and asserts that he established his eligibility for asylum.

Upon our review of the administrative record, we find that substantial evidence supports the IJ's conclusion that Doza failed to establish eligibility for the relief sought. 8 U.S.C. § 1105a(a)(4) (1994);[2] 8 C.F.R. § 1208.13(b) (2003); Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Doza thus cannot meet the higher standard for withholding of deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

---

[1]Also listed as Petitioners dependent on Doza's application for relief are Doza's wife, Rokeya Khanam, and four sons, Mohammed Shamsuddoha, Mohammed Sadrulula, Mosammat Jabunnesa, and Mohammed Mohiuddin.

[2]We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED